## JULIA FISCHER, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, January 11, 1909.

1. **TRIAL AND APPELLATE PRACTICE: Nuisances: Measure of Damages: Change of Theory.** Where in assessing damages for a nuisance the defendant insisted at the trial that the measure for temporary damages was applicable and was followed by the court he will not be permitted on appeal to change his theory and contend that the rule for permanent damages was the proper one.

2. **NUISANCES: Injunction: Multiplicity of Actions: Damages.** A court of equity has jurisdiction upon the broad ground of preventing irreparable injury and multiplicity of actions and the protection of rights, to abate a nuisance by injunction when its existence is established in an action at law, and the recovery of damages and equitable relief by injunction abating the nuisance may be sought in one proceeding in an equity court.

3. ———: **Evidence: Damages: Befouling Pond.** The evidence relating to the damages by befouling a pond, killing the fish and rendering its reconstruction necessary, is reviewed and the finding of the trial court on the damages is followed and affirmed.

4. ———: ———: **Permanent Damages: Harmless Error.** The admission of evidence relating to permanent damages is held harmless where the chancellor rejected such theory of damages and applied the rule for temporary damages.

5. ———: **New Trial: Newly-Discovered Evidence: Effect: Fish in Foul Pond.** The newly-discovered evidence relating to fish being in the pond is held insufficient to grant a new trial because of its lateness as well as the further fact that the finding below was not based on the theory that all the fish had already been killed.

Appeal from Pettis Circuit Court.—*Hon. Louis Hoffman,* Judge.

AFFIRMED.

*C. D. Corum* and *R. D. Williams* for appellant.

(1)   Where plaintiff seeks, as her equitable relief, by an abatement of the alleged nuisance and also damages therefor in the same action, damages may be award-

ed down to the time of the trial, but not such as may occur thereafter. Pinney v. Berry, 61 Mo. 359; Frick v. Kansas City, 117 Mo. App. 488; Ive v. McMunegal, 66 Mo. App. 437; Frudenstein v. Heime, 6 Mo. App. 287; Foncannon v. Kirksville, 88 Mo. App. 279; Scott v. Nevada, 56 Mo. App. 189; Mark v. Davis, 46 Mo. App. 272; Rosenthal v. Railroad, 79 Texas 325; Fairbanks Co.. v. Bahre, 213 Ill. 636; Shireleys v. Railroad, 74 Iowa 169; Van Veghten v. Transmission Co., 103 N. Y. App. Div. 130; Thayer v. Brooks, 17 Ohio 489; 1 Sedgwick on Damages (8 Ed.), sec. 170; Sutherland on Damages (2 Ed.), sec. 441; Hays v. Delzell, 21 Mo. App. 684; Barngrover v. Maack, 46 Mo. App. 412. (2) The facts did not warrant injunctive relief. Carlin v. Wolff, 154 Mo. 539; Owen v. Ford, 49 Mo. 436; R. S. 1889, sec. 3649; Burhess v. Kattelman, 41 Mo. 483; Spitz v. Kerfoot, 42 Mo. App. 85; Hayden v. Tucker, 37 Mo. 222; 22 Cyc., 771; 3 Farnham on Waters, sec. 893; Daum v. Cooper, 103 Ill. App. 4; Ruffner v. Co-operative Assn., Ohio Dec. Rep. 1065; Peck v. Herrnington, 109 Ill. 116; Verdin v. St. Louis, 131 Mo. 108; 1 High on Injunctions (3 Ed.), sec. 34; 10 Ency. Pl. and Pr., p. 593.

*Montgomery & Montgomery* and *Chas. E. Yeater* for respondent.

(1) The alleged newly-discovered evidence was cumulative, immaterial, had already been practically admitted in the plaintiff's testimony and could not have changed the decree. Callahan v. Caffarata, 39 Mo. 144; Bed Co. v. Railway, 148 Mo. 148. (2) The defendant, by its answer, and by its evidence and position taken at the trial, in setting up the restoration theory, is bound for all the damages which can reasonably be found on the evidence which may be required to restore the status of plaintiff's premises and make whole her loss resulting from the nuisance, and if such measure

of damages is incorrect the defendant, having proposed it, cannot complain. White v. Nelson Mfg. Co., 53 Mo. App. 341; Crutchfield v. Railway, 64 Mo. 257; Sprague v. Sea, 152 Mo. 338; O'Neil v. Blaze, 94 Mo. App. 664; Lane v. Railway, 34 Mo. App. 570; Sappington v. Railway, 95 Mo. App. 395; Merriwether v. Railway, 163 Mo. 493; Guntley v. Staed, 77 Mo. App. 163; Water Co. v. Neosho, 136 Mo. 508. (3) This is a suit in equity to enjoin a private nuisance and to recover damages sustained thereby, and to obtain all the relief the plaintiff is entitled to, and she should be awarded full relief in every respect, including complete damages, in this one action, and not be compelled again to be a suitor in the courts for the injury caused by this nuisance. Baker v. McDaniel, 178 Mo. 178; Geltz v. Anderson, 125 Mo. App. 596.

ELLISON, J.—Plaintiff was the owner of a tract of land of near thirty acres on the outskirts of the city of Sedalia, on which was an artificial lake of about seventeen acres in extent, and, in some places, of near twelve feet in depth. A large embankment held the waters on one side. Defendant became the owner of a tract of land nearby, upon which it erected shops and other buildings. It likewise constructed a sewer which led to the outer edge of its land into a "draw" or ravine which extended down into the lake. Thus surface water was gathered which, with sewage and oil, was cast into the lake. On plaintiff's grounds were a residence and outbuildings, as well as trees and an orchard and a vineyard. The lake was well stocked with fish and was a source of profit to plaintiff in letting fishing privileges by the day to various pleasure seekers from the city. She likewise sold the privilege of cutting ice therefrom. The oil and refuse from defendant's grounds, especially the former, being thus cast into the lake, had the effect of killing the fish and destroying the

marketable quality of the ice. The oil came into the lake in such quantities as to cover the entire surface, and plaintiff, in an effort to get rid of it, cut into the embankment a depth sufficient to partially drain it off. That substantially reduced the depth and area. Oil-soaked refuse polluted the bottom of the lake for a depth of near three inches.

Plaintiff brought this action in equity, whereby she seeks to recover damages for the acts of defendant and to enjoin it from further casting its refuse and drainage through the sewer into the lake. The judgment was for the plaintiff and her damages were found to be twenty-five hundred dollars.

There was a question whether plaintiff's damages were to be considered as permanent or only temporary. Plaintiff contended they were permanent and should be considered and measured from that standpoint. Defendant insisted that the premises could be restored to their former condition and that the damages were merely the costs of such restoration and loss of profit for fishing privileges, etc. The trial court adopted defendant's view, and, while it is now permissible for defendant to contend in this court that there was no damage, yet we will not permit it to make complaint of a theory it invoked at the trial as to the true measure of damages, if any.

Defendant insists that no case was made for that part of the judgment granting injunctive relief. We think there was. On this head reliance was well placed by plaintiff in Baker v. McDaniel, 178 Mo. 447. In that case Judge Fox said, at page 468 of the report, that "The preventive remedy for nuisances, aside from abatement by act of party, is by injunction issuing out of a court of equity. Formerly this power was exercised sparingly, and only in extreme cases, at least until after the right and the question of nuisance had been first settled at law. But now, the only effectual remedy for the abatement of a nuisance, except where special pro-

vision is made therefor by statute, is in a court of equity, and the jurisdiction is predicated upon the broad ground, of preventing irreparable injury, interminable litigation, a multiplicity of actions and the protection of rights.

"The law is settled beyond dispute that the establishment. of the existence of a nuisance, the recovery of damages, and the equitable relief of preventing and abating it, may be sought in one proceeding in a court of equity."

And on page 469, he said: "The jurisdiction of a court of equity over cases of private nuisance is now well established, and in a proper case for equitable interference, it will assume and take jurisdiction and give the party all the relief to which he is entitled, even to the settlement of damages."

And on page 472, the court said: "We take the true rule to be, as deduced from all the authorities, that, as to private nuisances, there is no question as to the proper exercise of the power of courts of equity in affording full and complete relief, provided it is clearly established that the private nuisance exists."

The real contention in the case is not over plaintiff's right to recover damages and to obtain an injunctive order, but is as to the amount of damages she should recover, on the basis of a restoration of the property to its original condition and the loss in fishing privileges, etc. The subject was gone into fully at the trial by the respective parties. They agreed, in addition, that the trial judge should go out to the grounds and take a personal view of the lake and the lands of the respective parties. He did so. He heard evidence in full as to cost of draining the lake and removing a depth of three inches of the contaminated bottom, of refilling the lake and restocking it with fish; besides the loss in privileges. We have examined the entire evidence and find ourselves satisfied with the amount found. The nature of the case is, in some respects, a

matter of estimate and we regard that made by the court as not inconsiderate or unreasonable.

Neither do we consider that there is any just ground of complaint at the reception of certain evidence as to permanent damages. The court afterwards refused to consider it and adopted defendant's theory of temporary damages. We regard the case of Russell v. Sharp, 192 Mo. 291, as applicable to the point.

One of the grounds for the motion for new trial was that of newly-discovered evidence. It related to evidence of live and wholesome fish being in the lake at the time the motion was filed and that therefore the destruction of the fish should not have figured in the estimate of damages. We do not consider that the court took as a basis of estimate that *all* of the fish had been destroyed. From the whole record of the action of the court we gather that considering the destruction of fish already had and that to be had from a restoration by drainage, etc., meant, and necessarily included, a total destruction. Besides, if more need be added, it seems that such evidence should have been sought by defendant before the trial.

On the whole record we feel that we cannot interfere, and hence affirm the judgment. All concur.